UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRUCE PORCELL, an individual, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN WOOD PRODUCTS, INC.,<br><br>and<br><br>DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 07-C-0729-S |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Bruce Porcell ("Porcell") and defendant Lincoln Wood Products, Inc. ("Lincoln") jointly request that the Court enter this stipulated protective order pursuant to Fed. R. Civ. P. 26(c), for the following reasons and on the following terms:

**STIPULATION**

1.  Porcell and Lincoln agree that discovery in this case is likely to require disclosure, by the parties and possibly by third parties, of documents and information that are sensitive and private, and/or that contain trade secrets or other confidential research, development, commercial or financial information. For example, Lincoln, a privately-owned manufacturer of custom windows and doors, may be required to disclose documents and information about research and development of its products, the manner in which it sets prices for its products, marketing strategies and techniques and its finances, all of which are highly confidential and sensitive in the very competitive wood window industry. Porcell may be required to disclose personal financial

information that he considers private and confidential.  The parties agree that public disclosure of such documents and information would cause unnecessary harm, and that good cause exists for this protective order pursuant to Fed. R. Civ. P. 26(c), Jepson, Inc. v. Makita Electric Works, Ltd., 30 F.3d 854 (7th Cir. 1994), and Citizens First Natl. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999).

   2.   Any party in this action, and any third party providing discovery in this action, may designate any document, thing or information as "Confidential" if it contains or comprises private, non-public information, a trade secret or other confidential research, development, commercial or financial information ("Confidential Information").  The parties agree to limit their designations to documents and information which they reasonably believe require confidential treatment.  All designated Confidential Information shall be governed by this stipulated protective order.

   3.   Absent an order by the Court to the contrary, the recipients of Confidential Information shall not disclose any Confidential Information except as permitted by this stipulated protective order, and shall use Confidential Information solely in connection with this case (the "Litigation"), and not for any other purpose or function, including any other litigation.

   4.   Designation of documents as Confidential Information shall be made by marking each confidential page "Confidential" at the time copies are produced, or by notifying counsel for the receiving party within ten (10) days after production that particular produced documents or portions thereof are designated as "Confidential".  In the case of testimony, the designation shall be made by designating the confidential portion on the record, or by notifying counsel for the other party within ten (10) days after the transcript is received that particular testimony is designated as "Confidential".

5. Confidential Information, including copies or extracts thereof and the information contained therein, may be given, shown or communicated by the recipient only to the following: (1) the parties to the Litigation; (2) counsel for the parties to the Litigation and persons regularly employed in the offices of such counsel; (3) court personnel, including but not limited to court reporters; (4) experts and consultants retained for purposes of the Litigation who have signed an acknowledgement stating that they have read the terms of this stipulated protective order and agree to abide by them, in the form attached hereto as Exhibit "A;" (5) outside copy services, solely for purposes of making copies for use in the Litigation; (6) deposition and trial witnesses in connection with their testimony; and (7) persons already in possession of the Confidential Information through legitimate and lawful means.

6. All documents submitted to the Court which attach, quote from or refer to Confidential Information shall be filed separately in a sealed envelope that is endorsed with the caption of the case, the caption of the document, and an appropriate designation regarding the confidential nature of the contents.

7. Either of the parties may request that any Court hearing in which Confidential Information is described or referred to be conducted in such a way as to preserve the confidentiality of the Confidential Information. The Court shall rule on any such requests as it deems appropriate in its discretion.

8. A party may move the Court for a ruling that specified documents or testimony designated as "Confidential" are not entitled to confidential status. Any such motion shall be filed under seal.

9. Inadvertent failure to designate documents or information as Confidential Information shall not be deemed a waiver of confidentiality with regard to the specific

documents or information not designated, or with regard to other documents or information. Any such inadvertent failure to designate may be cured by providing notice, within a reasonable period of time after the failure to designate is discovered, that the previously-produced documents or information are designated as Confidential Information. The receiving party shall then treat the Confidential Information in accordance with the provisions of this stipulated protective order.

10. If a party inadvertently produces documents or information which that party believes is subject to a claim of attorney-client privilege, work product immunity or any other privilege or immunity, such production shall in no way prejudice or constitute a waiver of, or estoppel as to, the claim of privilege, work product or other privilege or immunity. Upon request, any such inadvertently produced documents or information shall be returned promptly to the producing party and all copies destroyed.

11. Within thirty (30) days after final termination of the Litigation, including any appeals or other proceedings, the originals and all copies of Confidential Information shall be either provided to counsel for the producing party or destroyed, at the option of the party in possession of the Confidential Information, and that party shall provide written confirmation of the return or destruction.

12. The termination of the Litigation shall not relieve the parties or any person described in paragraph 5 from the obligation of complying with this stipulated protective order with respect to materials designated as "Confidential" which they received; provided, however, that this paragraph shall not apply to any material which is or becomes publicly available.

Dated:  April 9, 2008	STRANGE & CARPENTER
*Attorneys for Plaintiff*


	        s/ Brian S. Strange
Brian R. Strange
Gretchen Carpenter
David Swift
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA   90025

CRAMER, MULTHAUF & HAMMES, LLP
*Attorneys for Plaintiff*


	        s/ Timothy J. Andringa
Timothy J. Andringa  WI Bar No. 1001279
1601 East Racine Avenue, Suite 200
Post Office Box 558
Waukesha, WI  53187-0558
Telephone:	(262) 542-4278
Facsimile:	(262) 542-4270
FOLEY & LARDNER LLP
*Attorneys for Defendants Lincoln Wood Products, Inc.*


	        s/ Michael D. Leffel
Gordon Davenport III WI Bar No. 1013931
Michael D. Leffel  WI Bar No. 1032238
Verex Plaza
Post Office Box 1497
Madison, WI 53701-1497
Telephone:  (608) 257-5035
Facsimile:   (608) 258-4258

## **ORDER**

The Court finds that good cause has been shown for the entry of a protective order on the terms set forth in the foregoing stipulation. Accordingly, the foregoing stipulation is approved and adopted as the order of the Court.

SO ORDERED.

Dated this ____ day of _____, 2008.

BY THE COURT:

_____

Case: 3:07-cv-00729-bbc Document #: 21 Filed: 04/14/08 Page 6 of 9

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRUCE PORCELL, an individual, and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LINCOLN WOOD PRODUCTS, INC.,<br><br>and<br><br>DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 07-C-0729-S |

## ACKNOWLEDGEMENT

I, _____, hereby acknowledge that I have reviewed the stipulated protective order ("Order") entered by the Court in this case, and that I am barred by the terms of the Order from divulging any designated Confidential Information (as that term is defined in the Order) which I receive, including the contents of any such Confidential Information, to any person except as specifically provided in the Order. I agree to the following limitations upon the use and disclosure of any Confidential Information with which I am provided:

1. The Confidential Information shall be used by me solely in connection with the proceedings in the above-entitled action and for no other purpose;

2. Upon request, I will immediately return any Confidential Information which has been provided to me, and all copies thereof, to the attorney who provided it to me.

2

I understand that violation of any of the provisions of the Order or this Acknowledgement may subject me to liability or sanctions including, but not limited to, personal liability for any damages resulting from such violation.

Dated this _____ day of _____, _____.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2008, I presented the foregoing to the Clerk of the Court for filing and uploading to the ECF system which will send notification of such filing to counsel for plaintiff at their email addresses below:

> Timothy J. Andringa
> Cramer Multhauf & Hammes, LLP
> 1601 East Racine Avenue, Suite 200
> P.O. Box 558
> Waukesha, WI  53187-0558
> tja@cmhlaw.com
>
> Brian Strange, Gretchen Carpenter and David Swift
> Strange & Carpenter
> 12100 Wilshire Boulevard, Suite 1900
> Los Angeles, CA  90025
> dstrange@strangeandcarpenter.com
> gcarpenter@strangeandcarpenter.com
> dswift@strangeandcarpenter.com

FOLEY & LARDNER LLP
150 E. Gilman Street
Madison, WI 53703
(608) 258-4216 Telephone
(608) 258-4258 Facsimile

*Attorney for Defendant Lincoln Wood Products, Inc.*