IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRUCE PORCELL,

    Plaintiff,                                                                OPINION AND ORDER

v.                                                                                                  07-cv-729-bbc

LINCOLN WOOD PRODUCTS, INC.,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff Bruce Porcell commenced this action for breach of warranty and unfair trade practices, alleging that defendant Lincoln Wood Products, Inc. sold him defective windows whose properties were misrepresented. Plaintiff asserts the claims on behalf of a nationwide class of similarly situated window purchasers, and relies on the existence of a class with damages of more than $5,000,000, 28 U.S.C. § 1332(d), as the sole basis for subject matter jurisdiction. Although the matter is presently before the court on defendant's motion to dismiss the claims on their merits, I am bound to first determine whether subject matter jurisdiction exists. Because the amended complaint does not suggest a reasonable possibility that the alleged class can be certified and class certification is intertwined with jurisdiction, I will order to the plaintiff to show cause why his action should not be dismissed for lack of

1

subject matter jurisdiction. The following is a summary of the relevant allegations of the amended complaint.

## ALLEGATIONS OF FACT

Defendant is a Wisconsin manufacturer of multi-pane windows, doors and skylights that have insulating, inert gas sealed between the panes. Defendant promotes its windows as having superior insulating properties and buyers rely on these representations. The sealed, gas-filled windows are subject to damage by significant changes in barometric pressure that occur when the windows are transported to high elevation. To prevent damage to windows which will be shipped over mountains, plaintiff installs breathing devices in some of its windows to allow the pressure to equalize. The breathing devices allow some or all of the inert gas to escape, thereby diminishing the insulating benefit of the gas, and also allow moisture and dirt to enter the space between the panes. Defendant knew the adverse effects of the breathing device on window performance but did not advise purchasers.

In December 1998, plaintiff purchased gas-filled windows from defendant for installation in his custom-built home in Cedar Crest, New Mexico (elev. 6,950). Because of the altitude the windows were fitted with breathing devices. Plaintiff provided defendant with the following warranty on the windows:

> Lincoln Wood Products, Inc. extends a limited warranty on insulated glass for the life of the product for seal failure causing impaired vision due to moisture, film or dust between glass.

* * *

> For seal failures, Lincoln will furnish replacement glass at no charge for a period of ten (10) years from the date of manufacture. . . .

In October 2001, plaintiff complained to defendant's New Mexico distributor that his windows had become foggy. Defendant's distributor determined that the seals on the windows had failed and assured plaintiff that new, redesigned windows would be provided pursuant to warranty, and that the problem that caused the fogging had been corrected. On October 11, 2001, defendant provided plaintiff with replacement windows. Plaintiff removed the old windows and installed the new windows at his expense.

On seven subsequent occasions (March 2002, May 2002, July 2003, September 2003, December 2003, April 2004, February 2006) plaintiff was provided replacement windows by defendant after he complained that his windows had become foggy. On each occasion defendant's agent represented that the problem had been corrected. On each occasion plaintiff paid the cost of installing the new windows.

OPINION

Plaintiff asserts four causes of action: (1) unfair business practices in violation of Wis. Stat. § 100.20; (2) deceptive trade practices in violation of Wisconsin Statutes section

3

100.18; (3) breach of express warranty; (4) breach of implied warranty.  Defendant moves to dismiss all claims, contending that each claim fails on its merits and is untimely.

Notwithstanding the parties' apparent acquiescence in reaching the merits of the claims, I have an independent responsibility to examine the court's subject matter jurisdiction.  <u>Pisciotta v. Old Nat'l Bancorp.</u>, 499 F.3d 629, 634 (2007).  The sole basis upon which plaintiff asserts federal jurisdiction, 28 U.S.C. § 1332(d), requires a class action with $5,000,000 in controversy.  Denial of a motion to certify the class could compel dismissal of the action for lack of subject matter jurisdiction.  <u>Gonzalez v. Pepsico, Inc.</u>, 2007 WL 1100204 at *4 (D. Kan 2007),  <u>McGaughey v. Treistman</u>, 2007 WL 24935 (S.D.N.Y. 2007); <u>but see</u> <u>Genenbacher v. Century Tel Fiber Co. II, LLC</u>, 500 F. Supp. 1017 (C.D. Ill. 2007)(holding that failure of class certification does not deprive court of jurisdiction and certifying question to Seventh Circuit for interlocutory review).

At the same time, it appears from the face of the complaint that denial of class certification is a virtual certainty.  The Court of Appeals for the Seventh Circuit has repeatedly disapproved nationwide class actions in consumer products misrepresentation and breach of warranty actions:

> No class action is proper unless all litigants are governed by the same legal rules.  Otherwise the class cannot satisfy the commonality and superiority requirements of Fed. R. Civ. P. 23(a), b(3).  Yet state laws about theories such as those presented by our plaintiffs differ, and such differences have led

> us to hold that other warranty, fraud, or products liability suits
> may not proceed as nationwide class actions.

In re Bridgestone/Firestone, Inc., 288 F.3d 1012, 1015 (7th Cir. 2002)(applying Indiana law).  Although the court applied Indiana law in Bridgestone, its policy discussion is generally applicable.  "State consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's laws to sales in other states with different rules."  Id. at 1018.  The court went so far as to declare that no state had ever applied a uniform "place-of-the-defendant's-headquarters" rule to a consumer product choice of law question.  Id. at 1016.

Consideration of class certification is to be accomplished at an early practicable time, Rule 23(1)(A), which may be either before or after resolution of claims on their merits, depending on the circumstances of the case.  Wiesmueller v. Kosobucki, 513 F.3d 784, 787 (7th Cir. 2008).  However, if class certification implicates jurisdiction and there is a legal impediment to certifying a class, it is prudent to consider the issue before addressing the merits of the claims.  In light of the apparent inadequacy of the class action allegations and the fact that subject matter jurisdiction may depend on class certification, I decline to consider the exclusively state law claims on their merits until I am satisfied that there is a jurisdictional basis to do so.  As the party invoking federal jurisdiction, plaintiff bears the burden of establishing the elements of jurisdiction, NLFC, Inc. v. Devcom Mid-America,

5

Inc., 45 F.3d 231, 237 (7th Cir. 1995), which in this case include the appropriateness of a class action.

## ORDER

IT IS ORDERED that defendant's motion to dismiss is DENIED pending determination of the court's subject matter jurisdiction.

FURTHER, IT IS ORDERED that plaintiff shall show cause why this matter should not be dismissed for lack of subject matter jurisdiction. The following briefing schedule will apply: plaintiff's brief in support of jurisdiction to be filed no later than May 13, 2008; defendant's brief to be filed no later than May 27, 2008; plaintiff's reply, no later than June 3, 2008.

Entered this 23rd day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge